******************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

GMAT LEGAL TITLE TRUST 2014-1, U.S. BANK
NATIONAL ASSOCIATION *v.*
VITO CATALE ET AL.
(AC 47320)

Bright, C. J., and Moll and Clark, Js.

*Syllabus*

The defendant homeowners appealed following the trial court's granting of a motion filed by the substitute plaintiff, R Co., to reset the law days in accordance with this court's remand order in the defendants' previous appeal, in which this court had affirmed a judgment of strict foreclosure for R Co. The defendants objected to the motion to reset the law days, claiming that R Co. had not timely filed a new appraisal report or an updated foreclosure worksheet. *Held*:

This court summarily reversed the trial court's judgment resetting the law day and remanded the case to that court to make updated findings as to the amount of the debt and the fair market value of the property, and to set new law days or a sale date pursuant to *Wahba* v. *JPMorgan Chase Bank, N.A.* (349 Conn. 483).

Considered November 26—officially released December 17, 2024

*Procedural History*

Action to foreclose a mortgage on certain real property owned by the named defendant et al., and for other relief, brought to the Superior Court in the judicial district of Fairfield, where the court, *Spader, J.*, granted the plaintiff's motion for summary judgment as to liability only; thereafter, RMS Series Trust 2020-1 was substituted as the plaintiff; subsequently, the court, *Hon. Dale W. Radcliffe*, judge trial referee, granted the substitute plaintiff's motion for judgment of strict foreclosure and rendered judgment thereon, from which the named defendant et al. appealed to this court, *Alvord, Clark* and *DiPentima, Js.*, which reversed the judgment in part and remanded the case for further proceedings; thereafter, the court, *Cirello, J.*, rendered judgment of strict foreclosure; subsequently, the Supreme Court denied the petition for certification to appeal filed by

the named defendant et al.; thereafter, the court, *Cirello, J.*, granted the substitute plaintiff's motion to reset the law days, and the named defendant et al. appealed to this court. *Reversed*; *further proceedings.*

*Paul N. Gilmore*, in support of the motion.

*Douglas R. Steinmetz*, in opposition to the motion.

*Opinion*

PER CURIAM. This case returns to us following the remand ordered in *GMAT Legal Title Trust 2014-1, U.S. Bank, National Assn.* v. *Catale*, 221 Conn. App. 90, 300 A.3d 1218, cert. denied, 348 Conn. 928, 305 A.3d 265 (2023), in which this court, inter alia, affirmed the trial court's judgment of strict foreclosure and remanded the case to that court for the purpose of setting new law days. See id., 113. Upon remand, on December 21, 2023, the substitute plaintiff, RMS Series Trust 2020-1,[1] filed a motion to reset the law days. On January 8, 2024, the defendants Vito Catale and Maria Catale[2] objected to the motion to reset the law days, arguing that the plaintiff had not filed a new appraisal report within 120 days of the new judgment or an updated foreclosure worksheet. On January 8, 2024, the trial court granted the plaintiff's motion—after "reviewing the plaintiff's motion, the court file and [there being] no objection thereto"—and set the law days to commence on February 6, 2024. On January 12, 2024, the defendants filed a motion to reargue, requesting that the court reconsider its decision because the language in the order indicating that there

---

[1] On August 4, 2021, RMS Series Trust 2020-1 filed a motion to substitute itself for the original plaintiff, GMAT Legal Title Trust 2014-1, U.S. Bank National Association, as Legal Title Trustee, after the subject note and mortgage were assigned to it. The trial court granted the motion to substitute on August 23, 2021. Accordingly, all references to the plaintiff in this order are to RMS Series Trust 2020-1.

[2] Because Vito Catale and Maria Catale are the only defendants appealing, we refer to them as the defendants.

was "no objection thereto" was incorrect. The plaintiff filed an objection; the defendants' reply and the plaintiff's surreply followed. On January 26, 2024, the court denied the motion to reargue, quoting this court's remand order; see *GMAT Legal Title Trust 2014-1, U.S. Bank, National Assn.* v. *Catale*, supra, 113; and stating that "[t]he only issue before the court was to reset the law day, which it did." This appeal followed.

On July 17, 2024, this court ordered, sua sponte, the parties to file memoranda addressing "whether the January 8, 2024 judgment resetting the law day should be summarily reversed and the case remanded for the purpose of making new findings as to the amount of the debt and the fair market value of the property, for the setting of new law days or a sale date, and for other proceedings according to law pursuant to *Wahba* v. *JPMorgan Chase Bank, N.A.*, 349 Conn. 483, [316 A.3d 338] (2024)." The parties subsequently filed memoranda in accordance with our order. Although the parties agree that the case must be remanded, they disagree as to the parameters of the remand.

In *Wahba* v. *JPMorgan Chase Bank, N.A.*, supra, 349 Conn. 483, our Supreme Court concluded: "[A] judgment of strict foreclosure is uniquely susceptible to becoming ineffective and stale over the course of time. Law days pass, the amount of the debt changes, and the property's value fluctuates. It is also axiomatic that foreclosure is peculiarly an equitable action . . . . Thus, when an appellate court has affirmed a judgment of strict foreclosure and remanded the case to the trial court with direction to set new law days—perhaps years after the original judgment—we deem it necessary, unless expressly prohibited for some reason by the reviewing court's remand order, for the trial court to make a new finding as to the amount of the debt so that the parties know what the mortgagor must pay to redeem the property. . . . That being the case, we see

no reason why, if the mortgagor makes an adequate proffer, equity would not also demand that the court determine the property's current value so that the court knows whether a strict foreclosure would result in potential windfall to the mortgagee. And, if a windfall to the mortgagee would result, we also see no reason why, in an appropriate case, equity would not demand that the court exercise its discretion and determine whether to modify the form of the judgment and to order a foreclosure by sale." (Citations omitted; internal quotation marks omitted.) Id., 498–99.

Applying these principles to the present action, we summarily reverse the January 8, 2024 judgment resetting the law day and remand the case for further proceedings pursuant to *Wahba* v. *JPMorgan Chase Bank, N.A.*, supra, 349 Conn. 483, and in accordance with the rescript herein.

The January 8, 2024 judgment resetting the law day is summarily reversed and the case is remanded for the purpose of making updated findings as to the amount of the debt and the fair market value of the property, to set new law days or a sale date, and for other proceedings according to law pursuant to *Wahba* v. *JPMorgan Chase Bank, N.A.*, supra, 349 Conn. 483; the indebtedness established in the initial judgment of strict foreclosure shall be treated as proven and established and any calculations changing the amount of the debt shall be based solely on additional debt incurred or payments made by the defendants after the initial judgment.